**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                        No. 95-5567

ROBERT ANTHONY KELLY, JR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Samuel G. Wilson, District Judge.
(CR-94-43)

Submitted: December 30, 1996

Decided: January 30, 1997

Before WIDENER and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, Lebanon,
Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Anthony Kelly appeals his convictions arising out of his arrest while in possession of numerous small baggies of cocaine and a firearm. The jury found Kelly guilty of being a felon in possession of a firearm, 18 U.S.C. § 922(g) (1994), possession with intent to distribute cocaine, 21 U.S.C. § 941(a)(1) (1994), and use of a firearm during a drug trafficking offense. 18 U.S.C. § 924(c) (1994). Kelly raises three assignments of error on appeal. Finding no merit to Kelly's contentions, we affirm his conviction.

Kelly first suggests that the district court abused its discretion when it denied his motion for a mistrial. United States v. Dorsey, 45 F.3d 809, 817 (4th Cir.), cert. denied, #6D6D 6D# U.S. ___, 63 U.S.L.W. 3907 (U.S. June 26, 1995) (No. 94-9433). Kelly sought a mistrial after one of the prosecution witnesses testified that he told Kelly during the investigation that he knew Kelly dealt in drugs. In light of the judge's immediate curative instruction, which the jury is presumed to have followed, Greer v. Miller, 483 U.S. 756, 766 n.8 (1987), the isolated nature of the statement, and the significant evidence of guilt, the witness' misstatement did not prejudice Kelly to the extent that it deprived him of a fair trial. See United States v. Bennett, 984 F.2d 597, 608 (4th Cir. 1993) (per curiam). As a result, Kelly has failed to show prejudice, Dorsey, 45 F.3d at 817, and cannot demonstrate an abuse of discretion on the part of the district court in denying the motion for a mistrial.

Kelly next contends that the evidence of record was insufficient to support his conviction for possession with intent to distribute as opposed to mere possession of the cocaine. Because there was substantial evidence that would warrant a jury finding of guilt beyond a reasonable doubt, the district court did not err in denying Kelly's motions for acquittal. United States v. MacCloskey, 682 F.2d 468, 473

2

(4th Cir. 1982); see also United States v. Stockton, 788 F.2d 210, 218 (4th Cir. 1986); United States v. Tresvant, 677 F.2d 1018 (4th Cir. 1982). In his statements to the police, Kelly admitted to at least one incidence of distribution when he traded one baggie of cocaine for the handgun in his possession. In addition, there was ample testimony that the manner in which the cocaine was packaged was typical of cocaine intended for distribution. Finally, Kelly stated that he was travelling to Middleboro, Kentucky, to "get rid" of the cocaine. If he were merely intending to destroy it or consume it, there would be no purpose for the long trip. Consequently, without re-weighing the testimony, United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983), there was substantial evidence in support of Kelly's conviction. Kelly suggests that the absence of large sums of cash in his possession precludes a jury finding he possessed the requisite intent. This bit of absent evidence does not alter the conclusion that the district court did not err in denying the motions for acquittal.

Finally, Kelly encourages this court to find that the evidence was insufficient to support his conviction for use of a firearm in light of the Supreme Court's recent opinion in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492). However, we note that the opinion in Bailey specifically holds that "bartering" satisfies Congress's intent to proscribe "active employment" of firearms in the commission of a drug trafficking offense. Id. at 4042. Consequently, Kelly's statement to police that he had traded some of his cocaine to obtain the firearm in his possession was sufficient to constitute "use" even in the wake of the Bailey decision. See also Smith v. United States, 508 U.S. 223, 237 (1993) (holding that an exchange of weapon for drugs constitutes "use"). Kelly's conviction for use of a firearm was supported by sufficient evidence.

Finding no merit to any of Kelly's assignments of error by the trial court, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3